PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

FILED
01/22/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| United States District Court | District | Southern District of Indiana |
|---|---|---|

| Name | Prisoner No. | Case No. |
|---|---|---|
| Kendall Johnson | 222447 | WVD-23-02-0033 |

Place of Confinement: Wabash Valley Correctional Facility

SCANNED at MCF and Emailed on 1/22/24 by SW — 10 pages
(date) (initials) (num)

1:24-cv-140-RLY-KMB

Name of Petitioner (include name under which convicted)

Name of Respondent (authorized person having custody of petitioner)

Kendall Johnson    V.    Frank Vanihel (Warden)

The Attorney General of the State of Indiana

## PETITION

1. Name and location of Prison Disciplinary Body, which determined guilt: Wabash Valley Correctional Facility, Disciplinary Hearing Board.

2. Date of Guilt determination: April 14, 2023

3. Sanctions imposed: Non-Grievous Loss (Written Reprimand, Loss of Phone Privileges), Grievous Loss (6 months DSRH, 90 days credit time deprivation, ITEC credit class demotion)

4. Nature of rule infractions involved (all counts) Code No. A-111/113, Conspiracy/Attempting/Aiding or Abetting to Traffick.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐

6. If you pleaded not guilty, what kind of disciplinary hearing did you have? (Check one)
   (a) Screening Officer Hearing ☐
   (b) Full Hearing ☒

7. Did you testify at your disciplinary hearing?
   Yes ☒  No ☐

8. Did you appeal from the guilty determination and imposition of sanction(s)?
   Yes ☒  No ☐

T5

9. If you did appeal, answer the following:

   (a) Name and title of Reviewing Authority: Frank Vanihel, Warden or whomever he designated.

   (b) Result Denied

   (c) Date of result 6-26-23

   (d) Grounds raised 1.) Due Process Violation, 2.) Impartial Decision Maker, 3.) Insufficient Evidence.

   (e) If you sought further review of the decision on appeal by a higher Reviewing Authority, please answer the following:

   (1) Name and title of Higher Reviewing Authority: Matthew D. Brown, Appeal Review Officer

   (2) Result Denied

   (3) Date of result 7-27-23

   (4) Grounds raised Same grounds raised in section 9(d)

10. Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or federal?

    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court N/A

    (2) Nature of proceeding N/A

    (3) Grounds raised N/A

T5

12. State *concisely* every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in federal court, you must first exhaust all available administrative appellate remedies as to each ground on which you request relief from federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. It is suggested that you read *Marham v Clark*, 978 F.2d 1057 (7th Cir. 1990) prior to filing this petition.

(A) GROUND ONE: Due Process Violations

SUPPORTING FACTS (state *briefly* without citing cases or law)
(PLEASE SEE ATTACHED TITLED "Supporting Facts for Ground One")

(B) GROUNT TWO: Impartial Decision Maker

SUPPORTING FACTS (state *briefly* without citing cases or law)
(PLEASE SEE ATTACHED TITLED "Supporting Facts for Ground Two")

(C) GROUNT THREE: Lack of Evidence

SUPPORTING FACTS (state *briefly* without citing cases or law)
(PLEASE SEE ATTACHED TITLED "Supporting Facts for Ground Three")

T5

- Supporting Facts for Ground One -

1.) Petitioner was Denied the opportunity to present evidence at his Disciplinary Hearing.

(a.) At the Initial Screening Report Petitioner requested the following physical evidence: The police report of Elizabeth Moyer, a statement from Elizabeth Moyer and a copy of his D.O.C offender phone list. In order for Due Process to be satisfied the Petitioner must be given "a limited opportunity to call witnesses and present evidence to an impartial decision-maker." See Ellison v. Zatecky, 820 F.3d 271, 274 (7th Cir. 2016). On State Form 39585(R7/1-14), Notice of Disciplinary Hearing (Screening Report) it is clear that Petitioner requested a statement from Elizabeth Moyer with the expected testimony that she never got a phone number from him or texted anyone for him and that he never asked her to bring him anything in the prison. This requested "physical evidence" was not considered or obtained after the Petitioner requested it. In the section where the Screening Officer checked the box that Petitioner wished to call witnesses it is written: "Elizabeth Moyer - She never got a phone number from me or texted anyone from me. I never asked her to bring me anything." The Petitioner specified the name of the staff member and her expected testimony, however, at the actual Disciplinary Hearing he was Denied this requested evidence with no explanation or justification as to why. The expected testimony is clearly exculpatory for Petitioner. The unwarranted exclusion of this evidence was a Due Process Violation that mandates the finding of guilt to be vacated. The Disciplinary Hearing Board gave no reason as to why this requested evidence was not obtained or considered before issuing their finding of guilt.
   As mentioned above, the Petitioner also requested a copy of his D.O.C offender phone list as is reflected on the above referenced State Form. The position of the Petitioner is that the phone number

1

-Supporting Facts for Ground one (continued)

allegedly found in Elizabeth Moyer's phone that she engaged in text messages with was not on his personal D.O.C offender phone list as is alleged on State Form 39591(R15-94) Report of Investigation of Incident by the Investigating Officer who also authored the Conduct Report against the Petitioner. In the section where the Screening Officer checked the box that Petitioner wished to call witnesses it is written: "This number is not on my phone list." This is clearly not a request to call a witness but was a request for "physical evidence," being an actual copy of his phone list. A copy of the phone list would have been exculpatory to the Petitioner as it would have shown that the phone number Elizabeth Moyer texted with was not on Petitioner's phone list and therefore directly contradicting the Report of Investigation of Incident and Conduct Report which were both considered by the Hearing Officer in the "Reason for Decision." The Disciplinary Hearing Board again gave no reason as to why this easily obtainable requested evidence was not obtained or considered and Denied the Petitioner his right to present evidence in violation of his Due Process rights.

-Supporting Facts for Ground Two-

1.) Petitioner was Denied a hearing by an Impartial Decision Maker.

(a.) The Petitioner argues that he was Denied a hearing by an Impartial Decision Maker. Attached to the two and a half line conduct report was a "Report of Investigation of Incident." This report was relied upon by the DHB in reaching the finding of Guilt against the Petitioner. In the "Reason for Decision" section of the Report of Disciplinary Hearing it is written: "DHO believes C/R to be true and accurate DHO took into account C/R, Offender Statement, Report of Investigation." It is well known by offenders throughout the D.O.C that there is an unwritten rule that if the Office of Intelligence and Investigations issues a Conduct Report that a finding of Guilt will be issued by the DHB no matter what if any evidence is presented against the offender. The DHB "blindly" follows the conclusions reached by I.I in their so-called investigation without doing their own independent analysis. This is the case here. In the Report of Investigation of Incident written by I.I T. Davis certain alleged "facts" tend to connect the Petitioner with a Correctional Officer who admitted to trafficking contraband into W.V.C.F. 1.) The report indicates that the Correctional Officer attempted to meet a civilian through text message and that the Correctional Officer (c/o) got the civilian phone number from a "Wax", which is alleged to be a moniker of the Petitioner. 2.) The report indicates that the phone number the c/o was allegedly texting with was also on the Petitioner's personal D.O.C phone list. 3.) The report indicates that the c/o was attempting to meet the civilian to get her "sheets" and "strips" which is interpretated to be contraband.
The DHB was not impartial because it did not do a personal investigation into the allegations put forth by the Office of Intelligence and Investigations in their Report of Investigation of Incident. The DHB simply took the allegations to be true with no explanation as to

1

- Supporting Facts for Ground Two (Continued)

why. Had the DHB done an independent thorough investigation it would have reviewed the police report of c/o Elizabeth Mayer and discovered that she did not admit to trafficking or attempting to traffic with Petitioner. Most vital, it also would have been discovered that the phone number the c/o was texting with was not on Petitioners phone list as falsely alleged by the author of the conduct report and report of investigation of incident. Also, the report was not investigated by DHB to determine whether or not there was an actual attempt to traffick anything to Petitioner. No where in the conduct report or report of investigation is there an agreement to bring "sheets" or "strips" into the prison to the Petitioner. Because the DHB blindly followed the conclusions of Intelligence and Investigations (I.I.) without doing an independent investigation, the decision maker was not impartial. A decision without an Impartial Decision Maker violates the rights of the Petitioner and the finding of Guilt should be vacated.

2

- Supporting Facts for Ground Three -

1.) Lack of Evidence

(a.) There is insufficient evidence to support the finding of Guilt reached by the DHB. The Petitioner argues that the Conduct Report and Report of Investigation of Incident contents do not support Conspiracy/Attempting/Aiding or Abetting to Traffick. This offense is defined by the I.D.O.C as follows:

Code 111: <u>Conspiracy/Attempting/Aiding or Abetting</u>: Attempting or conspiring or aiding with another to commit a Class A offense.

Code 113: <u>Trafficking</u>: Engaging in trafficking (as defined in I.C. 35-44-1-3-5) with anyone who is not an offender residing in the same facility.

I.C. 35-44.1-3-5(b) states: A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
1.) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
2.) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
3.) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or a child of a jail work crew or community work crew; commits trafficking with an inmate, a Class A misdemeanor.

In this case the Conduct Report fails to state any language to support a violation of Code Numbers 111/113 but rather concludes that a violation did occur, by directing the DHB to see an attached "report of investigation." This report of investigation also fails to support a violation of Code Numbers 111/113. The contents of the report shows that: 1.) Correctional Officer

1

Supporting Facts for Ground Three (continued)

Elizabeth Mayer allegedly admitted to trafficking contraband into W.V.C.F, however, it does not state that she admitted to trafficking or attempting to traffick contraband to the Petitioner inside or outside of the prison. 2.) Elizabeth Mayer was texting with a civilian whose phone number was 317·208·0738 and allegedly was given this number by the Petitioner. 3.) The 317·208·0738 phone number was alleged to be on Petitioner's personal D.O.C offender phone list. 4.) Elizabeth Mayer allegedly requested as many "sheets" as possible and "stripes" for a 3 days from the above referenced phone number. 5.) "Sheets" and "stripes" were interpretated to be contraband by prison investigators. No where in the report of investigation does it insinuate or confirm that Elizabeth Mayer was suppose to traffick the "sheets" or "stripes" to the Petitioner inside or outside of the prison. The report of investigation fails to support an attempt to traffick contraband by Elizabeth Mayer to the Petitioner, therefore there was insufficient evidence to find Petitioner guilty of the offense. The report of investigation fails to show that Kendall Johnson conspired, attempted, aided or abetted with anyone to traffick contraband into the prison. At worse, the report of investigation shows that Elizabeth Mayer and Kendall Johnson knew a common civilian, that Johnson may have provided her with this civilian's phone number and that Elizabeth Mayer texted this civilian about "sheets" and "stripes", it fails to show that anything was attempted to be trafficked back to Johnson at the prison. With due respect the finding of guilt should be vacated.

13. If any of the grounds listed in 12A, B. C, and D were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them at the administrative level:

    All grounds were raised in the Administrative Appeals.

14. Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name, Title, and/or D.O.C. Numbers, if known, of each offender, of any staff or lay advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:

    (a) At Disciplinary hearing: Tarr - Staff

    (b) At Institutional Level Appeal: Self Executed

    (c) At I.D.O.C. Level Appeal: Self Executed

WHEREFORE, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1/4/2024
DATE

Signature of Petitioner

T5